MORRIS G. WEAST, PLAINTIFF IN ERROR, v. GEORGE SHEPPARD, DEFENDANT IN ERROR.

**Appeal from County Courts and Justices of the Peace:** COSTS. The plaintiff, in an action commenced in a county court, or before a justice of the peace, who appeals from the judgment, whether for or against him, and does not recover in the appellate court more than twenty dollars, exclusive of interest since the rendition of the judgment appealed from, cannot recover his costs, but shall be adjudged to pay all costs in the appellate court, including a fee of five dollars to the defendant's attorney.

ERROR to the district court of Nuckolls county. Tried below before WEAVER, J.

*D. W. Barker*, for plaintiff in error.

*H. W. Short*, for defendant in error.

. LAKE, J.

The precise question to be answered in this case is, whether the plaintiff, who commenced his action in the county court, and there having judgment against him, appealed to the district court, where he recovered only seventeen dollars, may have his costs taxed against the defendant.

That he ought in justice to have this done seems to us to be very clear, but, owing to a very peculiar provision of our statute regulating this matter, it is otherwise. Section 986 of the code of civil procedure, among other provisions concerning appeals from judgments of justices of the peace, contains this one: "If, on appeal by the plaintiff, he shall not recover a larger sum than twenty dollars, exclusive of interest since the rendition of the judgment before the justice, he shall be adjudged to pay all costs in the district court, including a fee of five dollars to defendant's attorney." [Gen. Stat., 682.]

This language seems to be too plain to admit of construction. All that the court can do therefore, is to see whether the case is one falling within its operation, and, if so, to apply it.

The record before us shows that the plaintiff in error was plaintiff in the county court. It shows further that he *did* appeal, and that he did "*not* recover a larger sum than twenty dollars" on the appeal, which fully answer the conditions under which the statute declares

"he shall be adjudged to pay all costs in the district court."

The provision in the statutes of Ohio on the same subject, from which this one was taken, is much more nearly in consonance with our views of what the rule in such cases should be, and is in these words : "If, on appeal by the plaintiff *from a judgment in his favor*, he shall not recover a larger sum," etc., the only difference being in the words *italicised*, which, for some reason, were omitted by our legislature, thereby rendering it entirely immaterial, in determining the question of costs in the appellate court, whether the plaintiff had judgment in his favor or not in the lower court.

We ought, perhaps, to add further, that although this statute by its own terms relates only to cases originating before justices of the peace, it is, by a subsequent enactment, made applicable also to actions commenced in county courts. Gen. Statutes., 263, sec. 2. *Banks v. Uhl*, 6 Neb., 145. *Cox v. Tyler*, Id., 297.

The costs having been taxed by the district court in conformity with these views, the judgment must be affirmed.

AFFIRMED.