## L. S. WINTERS v. J. L. MEANS.

[FILED JANUARY 4, 1892.]

**Practice:** PLEADING. In an action to enjoin a judgment the defendant filed an answer asking affirmative relief, whereupon the plaintiff dismissed his petition without prejudice, and asked leave to file a reply in the nature of an answer to the defendant's answer. This was denied, and judgment entered in favor of the defendant by default. *Held,* That the plaintiff should have been permitted to reply.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Dilworth, Smith & Dilworth,* and *Marquett, Deweese & Hall,* for plaintiff in error.

*Abbott & Caldwell, contra.*

MAXWELL, J.

An amended petition was filed in this case as follows:

"The plaintiff complains of the defendant and states: That on the 22d day of June, 1880, the defendant recovered a pretended judgment in the district court of Adams county, Neb., against William L. Smith & Co., consisting of William L. Smith, John J. Worswick, Charles Wells, George Wells, Henry P. Handy, and this plaintiff, and plaintiff further alleges that this suit was brought by the said Jno. L. Means, defendant, against said parties alleged by him to compose the firm of William L. Smith & Co., and a large number of other persons, and plaintiff alleges there never was any summons served upon him in said suit, and that he never appeared in said suit by attorney or otherwise, and that he never authorized any one in his behalf or for him to appear in said court.

"Plaintiff furthur alleges that he was never in any way

indebted to the defendant, or concerned or interested in the transaction with the members of said firm of William L. Smith & Co., in the claim on which said action was founded. And plaintiff alleges that long previous to the time at which the defendant had done anything under the claim stated in his cause of action, upon which said judgment was founded, and long previous to the time the defendant had anything to do under the contract with William L. Smith & Co., this plaintiff, with the knowledge and consent of the defendant, John L. Means, had withdrawn from and severed his connection with the said William L. Smith & Co., and one John J. Worswick had, with the knowledge and consent of the said John L. Means, purchased all the interest of the said plaintiff, with the understanding that the said John J. Worswick should assume all responsibility of the plaintiff in the firm of William L. Smith & Co., and defendant alleges that at the time said defendant brought his suit upon which judgment was founded, more than four years had elapsed since the cause of action arose to the defendant, and before any of said parties whom said defendant alleged composed the firm of William L. Smith & Co. were summoned or appeared in court, either by themselves or otherwise, and that said claim was thereby outlawed before the bringing of said suit, and before any action was taken in said suit by the defendant against any of said parties, and more particularly against this plaintiff, and plaintiff alleges that none of said parties, to-wit, William L. Smith, John J. Worswick, Charles Wells, George Wells, Henry P. Handy, or this plaintiff, ever appeared in said suit, either in person or by attorney, and plaintiff further says that none of said parties against whom said judgment was rendered ever authorized any attorney or any other person to appear for them or either of them, and plaintiff alleges that the defendant had full knowledge that none of said defendants ever appeared in said suit.

"And plaintiff alleges that the pretended appearance of Ash & Schoefield for the firm of William L. Smith & Co. was unauthorized, and that none of the members of the firm of William L. Smith & Co. ever had any authority to employ said Ash & Schoefield for said firm, and never did employ said Ash & Schoefield either for themselves, or for the firm of William L. Smith & Co., and the appearance of said attorneys was upon the request of the said defendant and not on the part of any of the said firm of William L. Smith & Co., or this plaintiff.

"Plaintiff further avers that in the cause of action brought by said defendant he alleges that the firm of W. L. Smith & Co. became indebted to him and that the claim set out in his petition was a claim against said partnership of W. L. Smith & Co., and there never was any service upon the said W. L. Smith & Co., or upon any of its officers or managers, as required by law, and the court rendering said judgment had no jurisdiction to render a judgment against William L. Smith & Co.

"Plaintiff further alleges that said defendant is now seeking to, and threatening to, enforce said judgment against the property of this plaintiff. Wherefore plaintiff prays that said judgment may be vacated and set aside so far as the same relates to him individually, and that the defendant may be restrained from collecting or enforcing said judgment, and for such other and further relief as may be just and equitable in the premises."

A motion was made by the defendant to strike out certain portions of the petition. What ruling was had on this motion we are unable to determine from the record.

The defendant afterwards filed an answer as follows:

"Comes now the said John L. Means, defendant, and answering the petition of the said plaintiff admits that on or about the 22d day of June, A. D. 1880, he, the said defendant, recovered a judgment in the district court of said Adams county in a certain action then pending in said

court, wherein the said John L. Means was plaintiff and the firm of W. L. Smith & Co., consisting of W. L. Smith, Leroy S. Winters, John J. Worswick, Henry P. Handy, Charles Wells, and George Wells were defendants, in the sum of $22,691, his debt and damages, and costs taxed to the sum of $39, which said suit is the same suit and proceeding referred to in said plaintiff's petition herein.

"Said defendant denies that said Leroy S. Winters was not a member of said firm of W. L. Smith & Co. at the time of the contracting of the obligation sued on, or at the time of the commencement of said suit as alleged in said plaintiff's petition; denies that said Leroy S. Winters had no notice of the pendency of said suit; denies that said Leroy S. Winters did not appear in said suit; denies that said judgment is unjust or that at the date of the rendition thereof said Leroy S. Winters had any defense thereto; denies that said Leroy S. Winters is not indebted to this plaintiff.

"2d. Said defendant, further answering the petition of said plaintiff, and by way of a cross-petition, alleges that said plaintiff Leroy S. Winters is the same Leroy S. Winters who was a member of the said firm of W. L. Smith & Co., and that the judgment heretofore referred to against said firm of W. L. Smith & Co. is now in full force and wholly unpaid, unsatisfied, and unreversed. That he caused executions to be issued from time to time, and which said executions have been returned unpaid and unsatisfied for want of property wherewith to satisfy the same, and that the said firm of W. L. Smith & Co. is wholly insolvent and has been insolvent and unable to pay its former debts ever since the rendition thereof. Plaintiff further alleges that the said Leroy S. Winters knew of the pendency of said suit and employed attorneys therein as well on his own behalf as on behalf of the firm of W. L. Smith & Co. That said judgment is a valid and subsisting obligation against the said Leroy S. Winters and against said W. L. Smith & Co.

"Wherefore defendant prays that execution may be issued in said cause against the said Leroy S. Winters according to the statute in such cases made and provided, and for such other, further, and different relief as may be agreeable to equity and good conscience and the practice of this honorable court."

Upon the filing of the answer the plaintiff dismissed the action without prejudice, whereupon the defendant moved for judgment on the answer. The plaintiff then asked leave to file a reply in the nature of an answer to the defendant's answer. This the court denied and rendered judgment in favor of the defendant on the pleadings, and this is the error complained of. In this we think the court erred. The plaintiff should be permitted to plead and prove any fact tending to show that he is not liable on the defendant's demand. He must have a full and free opportunity to do this. The court will not condemn him unheard. It was the duty of the court, therefore, to sustain the application, and if issues of facts were presented, determine the same from the evidence in the case. There was no evidence offered, judgment being taken by default. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.