ALEXANDER CALMELET, APPELLEE, V. JACOB SICHL, APPELLANT.

FILED MARCH 3, 1898.   No. 9698.

1. **Appeal:** PLEADING. When there is filed in the supreme court on appeal no pleading but a supplemental petition, and the decree discloses the fact that it was rendered upon consideration of a petition and supplemental petition, the decree of the district court will be affirmed.

2. ———: ———. A second appeal to the supreme court is so far independent of a former appeal that pleadings filed in the original appeal cannot be referred to in that subsequently taken, for the purpose of ascertaining what issues had been originally joined and presumably were tried, when there was entered the decree sought to be reversed.

APPEAL from the district court of Otoe county. Heard below before RAMSEY, J. *Affirmed.*

*John C. Watson, John V. Morgan,* and *John W. Dixon,* for appellant.

*Edwin F. Warren, contra.*

RYAN, C.

A former judgment in this case was considered and reversed in *Calmelet v. Sichl,* 48 Neb. 505. There has since been entered a decree, from which this appeal is prosecuted. In the record now presented for our consideration there is no pleading, but a supplemental petition, in which there are alleged certain acts of the defendant in defiance and disobedience of an injunction which were destructive of the rights and interests of the plaintiff with respect to real property owned by the latter. There was in this supplemental petition a prayer that a nuisance created by the acts and aggressions above referred to might be abated and, by injunction, prevented in future. The defendant filed a motion to strike this supplemental petition from the files, for the reasons:

11

"First, it is not a supplemental petition; second, it is not a complete petition in itself. It is not such a petition as plaintiff was given leave of court to file." There was no ruling on this motion, but there was a trial. In the decree it was found that plaintiff "is entitled to the relief prayed for in his petition and supplemental petition filed herein," etc. By this recitation we are advised that in this case there was a petition considered which is not in this record. In *Lowe v. Riley*, 41 Neb. 812, it was held that in this court a bill of exceptions must contain all the evidence upon which questions of fact are to be determined, and that, for the purpose of obtaining such determination, it was not sufficient to refer to another bill of exceptions in an independent case. On the principle involved in *Lowe v. Riley, supra*, it was held in *Lindsay v. State*, 46 Neb. 177, that this court could not be asked to rule upon a question of fact not presented by the record under consideration. Counsel for appellant seem to assume that we can examine the pleadings filed in this court in a former controversy in this same case. The principle above applied forbids this, for the former appeal and this one are as independent of each other in this court as they would be if there was no identity of parties. There is left open to us no other course, and the judgment of the district court is accordingly

AFFIRMED.