J. McGREGOR ADAMS, APPELLANT, V. RALPH R. OSGOOD, APPELLEE.

FILED SEPTEMBER 23, 1898.   No. 8226.

1. **Dismissal:** TRIAL OF COUNTER-CLAIM. A plaintiff has the right, before final submission of his cause of action, to dismiss the same, but this right does not control the right of the defendant

to proceed to the trial of a set-off or counter-claim properly pleaded by him in his answer.

2. **Taxation: EVIDENCE OF LEVY: TAX RECEIPT.** A tax receipt is not sufficient to establish the fact of the levy or assessment of taxes when such levy or assessment is disputed in the pleadings.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Reversed.*

*John L. Webster* and *James H. McIntosh*, for appellant.

*Henry W. Pennock, contra.*

RYAN, C.

It is admitted by both parties to the present controversy that this action, under conditions differing somewhat from those now presented, was considered in *Adams v. Osgood*, 42 Neb. 450. When the case was remanded, Adams, the original plaintiff, with leave of court, dismissed as to the cause of action set up in his petition. As this was before the final submission it was but the exercise of a right given by statute. (Code of Civil Procedure, sec. 430.) This dismissal, however, did not affect the right of the defendant to proceed to the trial of his claim. (Code of Civil Procedure, sec. 431.)

In the record submitted for our consideration there is no transcript of the petition as to which the above dismissal was made, and we therefore cannot consider arguments which, for their application, depend upon the averments contained in that pleading. (*Calmelet v. Sichl,* 54 Neb. 97.)

Proceeding upon his answer and cross-petition as entitling him to a foreclosure for the amounts of various general taxes and special assessments for improvements in the city of Omaha paid by him, Osgood introduced no proof of the levy or assessment of such taxes, but relied solely upon his tax receipts as being sufficient to afford proof of such levy and assessment in each instance, and now defends this course by citing *Leavitt v. Bell*, 55 Neb. 57. In that case the language relied on is found in the

discussion of the validity of certain paving taxes and, *arguendo,* it was said: "Where a lien is sought to be enforced for general taxes, the presumption is that the statutes in reference to the levy and assessment of these and the sale of the real estate for their non-payment have been complied with, and the burden of showing irregularities or that such a tax sale is void is upon the party asserting such fact." This language implies that in the writer's mind there was a different question from that now presented, and that was, upon whom was the burden of proof to establish a levy and assessment of taxes sought to be foreclosed when the fact of such levy and assessment was disputed? This thought is greatly strengthened by the fact that in support of the above proposition there was cited *Adams v. Osgood, supra,* in which it was said: "As a general principle tax receipts alone are not evidence of the existence of the taxes to which they relate; that is, the receipt does not prove that the taxes for which it calls were legally assessed or levied upon the property. (*Miller v. Hurford,* 13 Neb. 13; *Clark v. Blair,* 14 Fed. Rep. 812.)" Following the above language there was a discussion of the petition, not now before us, in which discussion it was shown that the plaintiff, Adams, having alleged an assessment and levy, was concluded by his own averments as to these steps having been taken. It has been distinctly held by this court that the production of a tax receipt was not sufficient to establish the existence of a levy and assessment when such levy and assessment were disputed facts in the case. (*Merrill v. Wright,* 41 Neb. 351.) As the judgment of the district court was not supported by sufficient evidence it is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

IRVINE, C., not sitting.