# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## KEMPER AND OTHERS v. CALHOUN AND OTHERS.

### November 17, 1910.

#### Absent, Cardwell, J.

1. HIGHWAYS—*Petition for a Road—Right of Dismissal—Special Road Law.*—An amended road law transferring from the circuit court of a county to the board of supervisors jurisdiction of all petitions for the establishment of new roads, but providing that cases then pending in the circuit court shall be heard and disposed of by the court as if the act had not been passed, does not deprive plaintiffs in the circuit court of the right to dismiss their petitions and institute new proceedings before the board of supervisors for the establishment of the same road. They have the same right of dismissal as before the adoption of the amendment, and a dismissal for the purpose aforesaid is not a fraud on the jurisdiction of the circuit court.

2. DISMISSAL AND NON-SUIT—*Rights of Plaintiffs.*—Ordinarily a plaintiff may dismiss his suit at pleasure upon payment of the cost, when such dismissal does not prejudice or oppress the defendant, or deprive him of any just defense or substantive right not available in a second suit. The inconvenience of double litigation is usually compensated by the payment of the costs.

Error to a judgment of the Circuit Court of Augusta county dismissing a petition for the establishment of a road. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Bumgardner & Bumgardner* and *Robertson & Robertson,* for the plaintiffs in error.

*Timberlake & Nelson* and *H. H. Blease*, for the defendants in error.

HARRISON, J., delivered the opinion of the court.

This proceeding was instituted in the Circuit Court of Augusta county for the establishment of a public road. The road boards, to whom the matter was referred, filed a report in September, 1907, which was recommitted because insufficient and irregular. In March, 1908, a second report was filed, recommending the establishment of the road, and ascertaining the damages to be paid the several land owners. Thereupon process was awarded against the land owners, returnable to the next term, and exceptions were filed by one of the two land owners who have obtained the present writ of error. Nothing further was done in the matter until May, 1909, when the petitioners for the road moved the court to dismiss their petition. This motion was resisted by the plaintiffs in error, but the motion prevailed and the proceeding was dismissed at the cost of the petitioners, the defendants in error here. From the order dismissing the proceeding, this writ of error was awarded.

At the time this proceeding was inaugurated the special road law which obtained in Augusta county (Acts, 1899-1900) conferred exclusive jurisdiction upon the circuit court in matters of the establishment of roads. This law was amended by another special act, approved March 14, 1908, (Acts, 1908, p. 607), the vital difference between the acts being that under the last mentioned the jurisdiction to establish roads was taken from the circuit court and vested in the board of supervisors of the county. About the time that the petitioners for the road made their motion to dismiss their proceeding in the circuit court they had, with some addition to their number, filed a petition under the new act before the board of supervisors of the county, praying for

the establishment of the same road theretofore asked for in the circuit court.

The act of March, 1908, transferring jurisdiction in road cases from the circuit court to the supervisors, contains the following provision:

"12. All petitions for the establishment of new roads or bridges which may be pending in the circuit court of said county on the day this act becomes effective shall be heard and disposed of by said court as if this act had not been amended."

The contention of the plaintiffs in error is that this provision of the new act made it mandatory upon the circuit court to determine the rights of the parties with respect to the establishment of this road, and denied to the supervisors any jurisdiction in the matter; that under the statute the petitioners must proceed, if at all, before the circuit court and not before the board of supervisors; and that a dismissal for the purpose of prosecuting the same proceedings before the supervisors was a fraud upon the jurisdiction of the circuit court.

In this view we cannot concur. The object of the saving clause in the act with respect to petitions for the establishment of roads then pending in the circuit court was to enable the persons who had instituted those proceedings to prosecute them to a conclusion without a change of form. It was not intended to take from such persons the power to procure a dismissal of those proceedings. The case stood in the circuit court as if the new act had not been passed. If, therefore, the petitioners had the right to dismiss the proceedings before the act of March, 1908, such right was in no way affected or impaired by that act. The law is well settled that a man can ordinarily dismiss his suit at pleasure upon the payment of costs.

In 14 Cyc. 406d, the law is very well stated as follows:

"While a plaintiff may dismiss any claim where such dismissal will not prejudicially affect the interests of the defendant, he will not be permitted to dismiss, to discontinue, or to take a non-nuit, when by so doing he will obtain an advantage and the defendant will be prejudiced or oppressed, or deprived of any just defense. Nevertheless, the injury which would be thus occasioned to defendant must be of a character that deprives him of some substantive right concerning his defenses, not available in a second suit, or that may be endangered by the dismissal, and not the mere ordinary inconveniences of double litigation, which in the eye of the law would be compensated by costs."

The proceeding in the circuit court was dismissed at the cost of the petitioners for the road, and it does not appear that the defendants were thereby prejudiced, oppressed or deprived of any just defense or substantive right. They can make every defense before the board of supervisors which they could have made before the circuit court, and have their rights as fully protected. As stated in the authority cited, the mere inconvenience of double litigation, which in the eye of the law would be compensated by costs, is not sufficient to deprive the plaintiffs of their right to dismiss.

The judgment complained of is affirmed.

*Affirmed.*