WILL FEIGHT, APPELLEE, v. RICHARD MATHERS ET AL., APPELLANTS.

46 N. W. 2d 492

Filed February 16, 1951. No. 32888.

*F. B. Hurley* and *D. Van Donselaar,* for appellants.

*Fraser, Connolly, Crofoot & Wenstrand,* and *Free, Berry & Free,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

The action out of which this appeal arises was originally instituted by Will Feight in the district court for Dixon County against Richard Mathers and Evalyn Mathers. The purpose of the action was to foreclose a real estate contract on certain lands in Dixon County and to decree that the defendants have no interest

therein. On October 29, 1948, the court rendered its decree quieting and confirming title to said premises in the plaintiff.

However, prior to the entering of said decree the defendants had filed an answer and counterclaims. These counterclaims, as far as here material, sought to recover $2,000 which had been paid on the contract, $1,300 as damages for loss of the benefits of the contract, and $445 for improvements.

With reference to these counterclaims the decree of the trial court rendered on October 29, 1948, provides: "* * * nothing in this decree contained shall in any wise prejudice the claims of the defendants set forth in their counterclaim for recovery of money judgment against the plaintiff, nor shall this decree in any wise prejudice the plaintiff in his defense of said counterclaim, but that said counterclaims * * * and whatever defense plaintiff may have thereto shall be tried to a jury in this court * * *." The court thereupon continued the cause "as to the issues presented by said counterclaims and the defense thereto until the further order of this Court."

On May 9, 1949, plaintiff filed an "Amended Answer to Defendants' Counter-Claims." Therein he set up he was entitled to a set-off against the claims of the defendants for the reasonable rental value of the premises for the crop year 1947-1948 when the premises were occupied by the defendants. This reasonable rental value is alleged to be in the sum of $2,700.

On February 20, 1950, the trial court, after finding "that the pleadings are in such a state of confusion as to be in violation of the rules of pleading set forth in the statutes of the State of Nebraska," made the following order:

"1. That plaintiff's motion to require the defendants to elect their remedy (whether to proceed on the ground of fraud or for rescission of the contract by breach thereof) be and hereby is sustained.

"2. That the defendants be and hereby are given

ten days from February 20, 1950, within which to file a new answer or other pleadings which shall supplement and be in lieu of all of their other pleadings heretofore filed herein which set up counter or other claims for damages, and they are further ordered that such answer or other pleadings be worded in ordinary and concise manner and without repetition and in conformance with the statutory requirements for pleadings.", (Insertion ours.)

Thereafter, on March 1, 1950, the defendants filed a dismissal of their counterclaims in the following language: "* * * dismiss without prejudice all of their counterclaims and the allegations in support thereof contained in their answer and counterclaims, same commencing on page 8 of their said Answer and counterclaims with the word 'COUNTERCLAIMS' and ending on page 10." The defendants, on the same day, filed what is denominated a "Second Amended and Substituted Reply of Defendants to Amended Answer of Plaintiff" but which is in fact an answer to the plaintiff's claim that he·is entitled to the reasonable rental value of the lands for the crop year of 1947-1948.

On March 7, 1950, plaintiff filed a motion to dismiss with prejudice the answer and counterclaims of the defendants and to strike the defendants' pleading entitled "Dismissal by Defendants of Their Counterclaims Without Prejudice."

On March 13, 1950, the defendants filed a motion asking the court to dismiss without prejudice the counterclaims of defendants in accordance with the written dismissal which had been filed or, in the alternative, permit the· defendants to withdraw without prejudice their counterclaims. The record shows that on March 14, 1950, the defendants paid all court costs that had accrued since the filing, on November 18, 1948, of the original decree rendered herein October 29, 1948.

These motions came on for hearing on May 29, 1950, and the court overruled the motion of defendants seeking

to dismiss their counterclaims without prejudice but sustained plaintiff's motion to dismiss the defendants' answer and counterclaims with prejudice and to strike defendants' dismissal of their counterclaims without prejudice. The trial court thereupon dismissed, with prejudice, the counterclaims of the defendants and struck from the files the dismissal filed by defendants dismissing their counterclaims without prejudice.

It is from this last order that the defendants have appealed.

In view of the then condition of the pleadings we think the order of February 20, 1950, was proper but it did not result in any final submission of the case. See sections 25-804, 25-811, 25-820, R. R. S. 1943.

It is true that: "'A court of general jurisdiction has inherent power to protect itself, litigants and the public from vexatious proceedings by dismissing with prejudice suits instituted by plaintiffs who repeatedly violate the rules of pleading and the orders relating thereto, after having had a full opportunity to present litigable controversies in proper form.' (Ferson v. Armour & Co., 109 Neb. 648, 192 N. W. 125)." Hoffman v. Geiger, 134 Neb. 643, 279 N. W. 350. See, also, Northport Irrigation Dist. v. Farmers Irrigation Dist., 125 Neb. 607, 251 N. W. 174; Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453.

But in the foregoing cases either the litigant elected to stand on the pleadings at which the order was directed, continued to file pleadings that were subject to the same criticism, or filed pleadings which sought to circumvent the effect of the court's order. None of these cases involved the question of the litigant's right to dismiss without prejudice before final submission. Consequently they do not control the question here presented.

When the trial court entered its decree of October 29, 1948, completely disposing of appellee's cause of action therein set forth but continuing the issues presented by

the appellants' counterclaims together with any defense the appellee might have thereto, the appellants became the plaintiffs insofar as their counterclaims asked for affirmative relief against the appellee.

As stated in Fox v. Pinson, 182 Ark. 936, 34 S. W. 2d 459, 74 A. L. R. 583: "She set up, however, matters which gave her a right to affirmative relief, and asked for all damages against the breach of the covenant which embraces all which she might have asserted in an independent action. This made her cross-complaint something more than merely defensive. She sought affirmative relief as an independent action, and we think this made her a plaintiff within the meaning of our statute providing for a voluntary dismissal of an action before the final submission of a case to the court by the plaintiff."

"A defendant who files a cross complaint in the nature of an independent suit demanding affirmative relief is a plaintiff with regard to the relief demanded in that cross action, within the meaning of a statute providing for the voluntary dismissal by the plaintiff of an action, and he may dismiss his cross complaint or cross action subject to the same rules and conditions governing the right of a plaintiff to dismiss. A defendant mortgagor who interposes a cross complaint to recover a covenant of warranty becomes a plaintiff and has an absolute right to dismiss the cross complaint without prejudice. A like rule applies with reference to a counterclaim filed by the defendant in an action; generally it is held that the defendant may withdraw such counterclaim provided he does so within the proper time." 17 Am. Jur., Dismissal and Discontinuance, § 12, p. 63.

Section 25-601, R. R. S. 1943, provides, so far as here material: "An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court; * * *."

"Before the final submission of a case to the jury or

court, a dismissal by plaintiff without prejudice to a future action is not a matter of judicial grace or discretion, but is a statutory right. Comp. St. 1929, sec. 20-601 (now section 25-601, R. R. S. 1943)." Duffy v. Cody, 129 Neb. 737, 262 N. W. 828.

"But the court may, when justice requires it, impose reasonable terms, or refuse dismissal. Horton v. State, 63 Neb. 34." Blue River Power Co. v. Hronik, 116 Neb. 405, 217 N. W. 604.

In Horton v. State, 63 Neb. 34, 88 N. W. 146, the court, in seeking to clarify when such refusal might be proper, stated: "This discretion has been exercised to require payment of costs. Sheedy v. McMurtry, supra; to protect rights of attorneys under agreements as to fees, Bryon v. Durrie, 6 Abb. New Cas. (N. Y.), 135; to protect a defendant in his plea of estoppel from the danger of possible transfer of a lien, Stevens v. Railroads, 4 Fed. Rep., 97; and to enable a defendant to obtain restitution, Lane v. Morton, 81 N. C., 38. Of course, there must be some real and substantial right which has accrued to the adverse party in the very cause sought to be dismissed."

The court in Horton v. State, *supra,* then goes on to state: "Collateral consequences, such as subjection of the defendant to further litigation, or purposes not connected with the action in question, will not be allowed to interfere with the right given to plaintiffs by statute. Banks v. Uhl, 6 Nebr., 145. Hence, ordinarily, the dismissal will be allowed as of course. Beals v. Western Union Telegraph Co., 53 Nebr., 602 (601)."

In Blue River Power Co. v. Hronik, *supra,* wherein these questions are again fully discussed, the court held: "The injury occasioned by the dismissal must be such as to deprive defendant of some substantial right not available in a second suit, or that may be endangered by the dismissal. Young v. Georgia Home Ins. Co., 131 Ga. 54; Stevens v. Railroads, 4 Fed. 97; Kemper v. Calhoun, 111 Va. 428. The ordinary inconvenience of double liti-

gation is not a legal prejudice, and can be compensated by costs. Gilmore v. Bort, 134 Fed. 658; Penn Phonograph Co. v. Columbia Phonograph Co., 132 Fed. 808; Southern Cotton Oil Co. v. Shore, 171 N. Car. 51; Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138. * * * We are of the opinion that the only discretion which may be exercised in the matter is the protection of any rights which have accrued to defendant as a result of the bringing of the action, such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like; that in the absence of such considerations the right to dismiss is absolute; that the expense of employing attorneys in defending the action, or the liability to further litigation over the same matter, are not subjects calling for the exercise of discretion by the court as constituting legal prejudice to defendant."

In view of the foregoing principles, which are here applicable to appellants' counterclaims, we find nothing in the record to justify the court's overruling appellants' motion to dismiss their counterclaims without prejudice and its sustaining of appellee's motion to dismiss appellants' counterclaims with prejudice and to strike appellants' dismissal of their counterclaim without prejudice. Its order of May 29, 1950, to that effect is reversed with directions that it sustain appellants' motion asking to dismiss their counterclaims without prejudice.

As to the appellee's claimed set-off against appellants' counterclaims, which is based on the reasonable rental values of the premises for the crop year 1947-1948, section 25-603, R. R. S. 1943, provides as follows: "In any case where a set-off or counter-claim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed the action or failed to appear."

"A plaintiff has the right, before final submission of his cause of action, to dismiss the same, but this right does not control the right of the defendant to proceed to

the trial of a set-off or counter-claim properly pleaded by him in his answer." Adams v. Osgood, 55 Neb. 766, 76 N. W. 446. See, also, Winters v. Means, 33 Neb. 635, 50 N. W. 955; Plattsmouth Loan & Bldg. Assn. v. Sedlak, 128 Neb. 509, 259 N. W. 367.

Reference is made to section 25-834, R. R. S. 1943. In view of our holding this statute is not applicable to the situation here.

The cause is reversed with directions to the trial court to sustain appellants' motion asking permission of the court to dismiss their counterclaims without prejudice.

REVERSED WITH DIRECTIONS.