Banks v. Uhl.

MOSES BANKS, PLAINTIFF IN ERROR, v. GEORGE P. UHL, DEFENDANT IN ERROR.

1. **Practice in Probate Courts.** The practice in civil cases in probate courts in all essential particulars, was regulated by statute, and, except in a very few matters, was the same as that established for justices of the peace.

2. **Dismissal of Actions.** The dismissal of actions in the probate courts—now county courts—is governed by the rules applicable to cases commenced before justices of the peace.

3. ———. The plaintiff in an action brought in the probate court, could at any time before the case was finally submitted, and on his own motion, dismiss it. And the failure to pay the costs that had then accrued will not prevent him from exercising this right.

12

4. ———. And such voluntary dismissal was, practically, a final disposition of the case, except as to unpaid costs, for which alone the court could render judgment against him.

5. ———. Nor was it any objection to the exercise of the right of dismissal that it was done in order to enable the plaintiff to proceed with another action, concerning the same subject matter, fraudulently instituted in another county.

ERROR from the district court of Nemaha county. Tried before POUND, J. The action was originally begun in the probate court by Uhl, October 15, 1873, for the recovery of an attorney's fee. The defendant, Banks, answered and demanded a jury November 3, 1873. Jury struck and venire issued November 4, 1873, and on same day the cause was continued by consent to December 2, 1873. On the twenty-ninth of November Uhl filed his motion to dismiss the action. On the twenty-second of November Banks filed motion to strike Uhl's motion to dismiss from the files. December 1, 1873, leave was given Banks to file an amended answer containing set-off, and on the following day the court sustained the motion to strike Uhl's dismissal from the cause, impaneled a jury, who returned a verdict against Uhl for $20.52, upon which, with costs, judgment was entered. The cause was taken by Uhl to the district court, where at the November term, 1876, judgment was rendered reversing the judgment of the probate court at the costs up to that time of Banks, and the cause retained for trial in that court. Banks brought the cause here, and Uhl moved to dismiss. The ruling upon this motion is reported in 5 Neb., 240.

*J. H. Broady*, for plaintiff in error.

1. The mere filing of the paper to dismiss did not dismiss, because a dismissal is an action and judgment of the court, and the cause was not dismissed until the court said so. *Young v. Bush*, 36 How. Pr., (N. Y.),

240.   *Wilder v. Boynton*, 63 Barb. (N. Y.), 547.   *Averill v. Patterson*, 10 N. Y., 500.

2.   The application to dismiss is in the discretion of the court, and may be refused.   *Conner v. Dake*, 1 O. S., 170.

3.   There are many good grounds for refusing to permit a party to dismiss, among which is a failure to pay all costs; or that the application was made in furtherance of a fraudulent design; or to enable the party applying to take advantage of his own wrong.   *Young v. Bush, supra.*   10 John., 367.   1 Wend., 131.   12 Wend., 191.   7 Wend., 511.   7 Hill, 521.

4.   The act of the legislature, Gen. Stat., p. 711, sec. 1 (1005), is expressly limited to supreme and district courts, and by implication excluded from probate courts, and hence does not apply; but if it did, could make no sort of difference, for it cannot be held to deprive any court of its powers and authority over its own files and records and litigant parties.

*Geo. P. Uhl*, pro se (with whom was *E. W. Thomas*).

The plaintiff may always dismiss his suit before a set-off is filed.   *Kuhn v. Bohn*, 10 Iowa, 392.   *Robinson v. Kious*, 4 Ohio State, 593.

Under the Gen. Stats., 684, section 999, and by that section, the payment of costs as a condition precedent is not indispensable, although, as the record shows in this cause, the costs were paid.

The district court was right in reversing the judgment of the probate court, and preventing the fraud which was thereby perpetrated.   There was security for costs given in this cause, and the probate judge could have no reason for not dismissing the cause after the motion therefor was filed.

LAKE, CH. J.

The principal question in this case is whether the defendant in error, who was plaintiff in the probate court, could voluntarily dismiss his action. If he could, then the action of the court in permitting Banks to file an amended answer, setting up a set-off, and proceeding to an ex parte trial and judgment thereon, after Uhl had dismissed the action, was erroneous, and was properly reversed by the district court.

The practice in civil cases in the probate court was, in all essential particulars, regulated by statute, and, except in a very few matters, was the same as that established for justices of the peace.

As to the dismissal of actions there is no provision whatever in the act concerning probate courts, but in the second section of that act it is provided that " the provisions of the code of civil procedure relative to justices of the peace shall, where no special provision is made in this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges."

Referring to section nine hundred and ninety-nine of the code of civil procedure relative to justices of the peace, we find that, "judgment that the action be dismissed without prejudice to a new action may be entered with costs in the following cases": .

"*First*—When the plaintiff voluntarily dismisses the action before it is finally submitted."

This provision most certainly authorized Uhl to dismiss his action upon his own motion, and without the consent of the court even. Nor did this right depend upon his first paying the costs that had then accrued. But in case they were not paid, he was liable to a judgment therefor, which could have been enforced by execution. And in the condition in which the case

then was, this was the only judgment that could properly have been rendered. No set-off had yet been filed, and the dismissal of the action left nothing to which a set-off could apply.

It was also urged on the argument that the act of dismissal was of no avail, for the further reason that it was done in vacation, after the cause had been continued from the November to the December term of the court. But this position also is untenable. For many purposes the probate court, like that of a justice of the peace, is to be considered as always open. In the first section of the act concerning the jurisdiction of probate courts, it is declared that "such court shall be deemed to be always open, and any cause, matter, or proceeding may be proceeded with therein, after the giving of notice, or service of process in the mode prescribed by law." And by the last clause of section seven, that "such courts shall be deemed to be always open for the filing of papers," etc. In view of these several provisions of the statute, we have no hesitancy in holding that the voluntary dismissal by the plaintiff was, practically, a final disposition of the case, except as to the unpaid costs, if any there were, for which alone the court was authorized to render judgment against him.

Another point strenuously urged upon our attention was, that Uhl dismissed this action in order to enable him to proceed with another on the same cause of action, commenced in Richardson county, whither he had fraudulently induced Banks to go in order to get service of summons upon him there. Admitting, however, all to be true that is claimed as to Uhl's design in the matter, and it furnishes no ground whatever for denying to him the right of dismissing his case. His object in taking this step was not a proper subject of inquiry by the probate court. If his conduct were such as to call for a correction, the court to which he resorted in Richardson county was the one to apply it.

It only remains to determine the proper disposition to make of the case. On the reversal of the judgment by the district court the cause was set down for trial therein. Had there been an issue of fact to be tried this would have been eminently proper, but, in view of the fact that every step taken after the case was dismissed was unauthorized, there was but one of two courses for the district court to take, either to render such judgment, on the dismissal, as to the unpaid costs, if any there were, as the probate court should have rendered, or to have remanded the cause back to that court for such judgment.

However, as to costs, we have no data upon which to base a judgment, and we presume the district court was no better off, as there is no cost bill in the record showing the amount still unpaid. We have concluded, therefore, that the judgment of the district court reversing the judgment of the probate court must be affirmed, with costs. But the order retaining the case *for trial* is reversed; and the cause is remanded to the county court of Nemaha county—the successor of said probate court —with instructions to enter a judgment dismissing the action without prejudice, and for the costs remaining unpaid and that had accrued at the time of the voluntary dismissal by the plaintiff.

JUDGMENT ACCORDINGLY.