JOHN MILLER ET AL., APPELLEES, V. WILLIAM McGANNON, APPELLANT.

FILED JULY 12, 1907. No. 14,896.

1. Trial: COUNTERCLAIM. The practice in this state is that an action, including a counterclaim, shall be tried as an entirety, and not as separate suits.

2. ———: ———: WITHDRAWAL. If for any reason the defendant does not desire to have his counterclaim disposed of in the action wherein it is pleaded, he should move to withdraw it before the final submission of the cause.

3. ———: ———: WAIVER. Defendant pleaded a counterclaim, and upon the conclusion of the plaintiff's evidence moved for and procured an order of the court directing a verdict for defendant upon the plaintiff's cause of action. *Held*, That defendant was not entitled thereafter to introduce evidence to prove his counterclaim, that the order directing the verdict concluded the trial, and that defendant by moving for a directed verdict and obtaining a favorable ruling thereon waived a hearing on his counterclaim.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed*.

42

*Allen G. Fisher,* for appellant.

*A. W. Crites, contra.*

EPPERSON, C.,

Plaintiffs, Chicago commissionmen, allege in their petition herein that, under written contract, they advanced $1,000 to defendant in 1900, for which he sent them 4,881 pounds of wool to be held until he (defendant) directed a sale; that defendant failed to order the wool sold and refused to indemnify plaintiffs against the decline in market prices; that in January, 1903, plaintiffs sold the wool at a loss of $546.17, for which they ask judgment. Defendant pleaded a general denial and a counterclaim, alleging that he sold plaintiffs 6,996 pounds of wool in 1900 at an agreed price of 19¼ cents a pound, none of which had been paid, and prayed judgment for $1,795.61. The reply was a general denial. At the conclusion of plaintiffs' evidence, defendant moved the court to direct a verdict in his favor. Upon this motion being sustained by the court, defendant, without first withdrawing his request for an instructed verdict, called witnesses and asked to have them sworn, and that he be permitted to prove his counterclaim. This request was denied, and the court thereupon instructed the jury to return a verdict for defendant. Defendant filed a motion objecting to the form thereof, and asked that it be set aside, and for a new trial of his counterclaim, alleging as his reasons statutory grounds for a new trial, which need not be set out here. This motion was also overruled, and judgment entered that plaintiffs' petition and defendant's counterclaim be dismissed, that each party go hence without day, and that defendant recover his costs. Defendant appeals.

 The principal error assigned, and the only one argued, is the refusal of the court to hear evidence in support of defendant's counterclaim after the court had sustained defendant's motion to direct a verdict in his favor. Our code provides the manner of conducting a trial. Section

283 of the code provides: "When the jury has been sworn the trial shall proceed in the following order, unless the court for special reasons otherwise directs:" Here follows provisions for opening statements to the jury and the admission of evidence. Continuing, the section provides: "Fifth: When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court. Sixth: The parties may then submit or argue the case to the jury." It is a well-established rule of procedure in this state that, when the plaintiff's evidence is insufficient to entitle him to recover, the court should, on motion of the defendant, direct a verdict for the defendant. *Anders v. Life Ins. Clearing Co.*, 62 Neb. 585; *People's Building, L. & S. Ass'n v. Palmer*, 2 Neb. (Unof.) 460; *Fremont Brewing Co. v. Hansen*, 65 Neb. 456; *Chicago, R. I. & P. R. Co. v. Sporer*, 69 Neb. 8. It is also the practice that issues presented in an action shall be tried as an entirety, and not as separate suits. Section 441 of the code provides: "If a counterclaim or set-off established at the trial exceeds the plaintiff's claim so established, judgment for the defendant must be given for the excess; or, if it appear that the defendant is entitled to any affirmative relief, judgment shall be given therefor." It is not intended that there should be two trials in an action where a set-off or counterclaim is pleaded, but plaintiff's claim and the cross-claim should be disposed of at one trial. If for any reason the defendant does not wish to have his counterclaim tried in the pending action, he should move to withdraw it before the final submission of the cause, when, under the provisions of section 126 of the code, the same may be entered as a separate cause, or an independent action subsequently maintained.

The proceedings requested by the defendant are not authorized by the practice in this state. By moving for an instructed verdict and obtaining a favorable ruling, he waived his counterclaim and terminated the trial. The evidence introduced did not show that defendant was en-

titled to a money judgment. Having procured a ruling, which, under the practice, terminated the trial, defendant cannot complain of the only judgment which could be rendered upon the verdict he requested. Upon granting the defendant's motion for a directed verdict, the only thing remaining to be done was the formal entry of the verdict and judgment. Defendant, being instrumental in bringing this about, cannot predicate error in the proceeding. In *Missouri P. R. Co. v. Fox,* 60 Neb. 531, it is held that "it is a sound and salutary principle that a party cannot be heard to complain of an error which he himself has been instrumental in bringing about." See also, *Weander v. Johnson,* 42 Neb. 117, and cases cited in 1 Page, Nebraska Digest, pp. 145, 146.

Plaintiffs, on April 20, 1903, thirteen months after the rendition of the judgment in the district court, filed cross-assignments of error herein and request a hearing thereon. Their right to a hearing is seriously questioned; but it is unnecessary to decide that point, as the record clearly shows that the order of the trial court directing a verdict for defendant was right, and plaintiffs have not assailed it in their brief.

We recommend that the judgment of the district court be affirmed.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.