BLUE RIVER POWER COMPANY, APPELLANT, V. FRANK HRONIK ET AL., APPELLEES.

FILED JANUARY 27, 1928. No. 25324.

*Thomas, Vail & Stoner*, for appellant.

*Glenn N. Venrick, Francis H. Mayo, Merrill A. Russell* and *John E. Mekota, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

Proceeding in *ad quod damnum* under section 3377 *et seq.*, Comp. St. 1922. The matter had progressed to the filing of the report upon inquest as to amount of damages. Defendants moved to confirm the report, and plaintiff moved to dismiss the proceedings. The motion to dismiss was allowed by district court upon condition that plaintiff

pay defendants their counsel fees, which the court fixed at $1,000. Plaintiff excepted and appeals. The only question for our determination is the authority of the court to attach the condition.

Under our laws a case may be dismissed "by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court" as a matter of right. Comp. St. 1922, sec. 8598; *Snyder v. Collier*, 85 Neb. 552. But the court may, when justice requires it, impose reasonable terms, or refuse dismissal. *Horton v. State*, 63 Neb. 34. Some doubt is suggested as to the application of the above statute to a proceeding of the present character, section 3388, regulating these proceedings, provides: "Issues of law and of facts may be made up and tried as in other cases; and the court may quash the writ, or set aside the inquest, and may award a new writ on payment of all costs by the party who has built, or proposes to build, such milldam, or the court may dismiss the proceedings, or may ratify and confirm such inquest." By section 3397 it is provided: "Should no resistance be made to proceedings brought under this chapter, to obtain leave to build or continue a milldam, the costs shall be adjudged against the plaintiff; but if such proceedings be resisted in any stage thereof, the court shall equitably adjust the costs which are caused by such resistance, having regard to the event." And by section 3399: "Each juror shall be allowed one dollar for each day's attendance, and other costs shall be allowed as in other cases." The proceeding may be instituted by either the erector of the dam or the landowner to assess the damages, and, when brought, it is carried on as an ordinary action. It would seem that as the issues are to be tried as in other cases, and proceedings may be initiated by either party, it should be looked upon as an action which may be discontinued on the same terms as actions at law. In *Moore v. Waddington,* 69 Neb. 615, we held that an election contest was an action within the terms of the statute allowing plaintiff to dismiss.

Assuming that "a party should no more be compelled to

continue a litigation than to commence one, except where substantial rights of other parties have accrued, and injustice will be done to them by permitting the discontinuance" *(In re Butler,* 101 N. Y. 309), what rights have accrued to defendants in consequence of these proceedings, and what injustice will they suffer by their discontinuance? The only right they have is to damages for flooding their lands, but this they had before and still have. Such right did not accrue to them by reason of these proceedings. What injustice will be done to them by the dismissal? The only injustice claimed is that they have been subjected to liability for attorney's fees; but this presents no different situation from the dismissal without prejudice of an ordinary action, and in such case it can hardly be maintained that payment of defendant's attorney's fees may be made a condition of the dismissal, in the absence of statutory authority. In such cases the loss occasioned defendant by the exercise by plaintiff of a legal right is *damnum absque injuria. McCready v. Rio Grande W. R. Co.,* 30 Utah 1.

The "costs" referred to in sections 3388, 3397, and 3399 are the usual costs provided by statute. *McCready v. Rio Grande W. R. Co.,* 30 Utah 1. "Costs as in other cases." *Warm Springs Irrigation District v. Pacific Live Stock Co.,* 89 Or. 19. These were both condemnation cases, and by the latter it was held that, though the statute permitted the assessment of an attorney's fee after judgment, where proceedings were dismissed before final disposition, only costs could be taxed.

It is perfectly clear that, had these proceedings proceeded to judgment, the court would have been without authority to tax a fee for defendant's attorneys or otherwise. What, then, other than an arrogated authority exists to assess a fee as a condition of dismissal? Section 3388 permits the court to quash the writ "on payment of all costs," which, as we have shown, means costs provided by statute. What greater power does the court possess in sustaining a motion of plaintiff to dismiss than if it acted upon its own motion?

What, then, is meant by the language, "The court, in its discretion, may refuse to dismiss whenever justice to the court, or its officers, or to any of the parties, requires imposition of terms, or retention of the cause upon the docket," in *Horton v. State,* 63 Neb. 34? The answer is found in the opinion; it was applied in *Sheedy v. McMurtry,* 44 Neb. 499, by requiring payment of costs; in *Bryon v. Durrie,* 6 Abb. New Cas. (N. Y.) 135, to protect rights of attorneys (for plaintiff) under agreements as to fees; in *Stevens v. Railroads,* 4 Fed. 97, to protect a defendant in his plea of estoppel from the danger of a possible transfer of a lien; and in *Lane v. Morton,* 81 N. Car. 38, to enable a defendant to obtain restitution, as was the *Horton* case itself. The opinion by Roscoe Pound, C., continues:

"Of course, there must be some real and substantial right which has accrued to the adverse party in the very cause sought to be dismissed. Collateral consequences, such as subjection of the defendant to further litigation, or purposes not connected with the action in question, will not be allowed to interfere with the right given to plaintiffs by statute. *Banks v. Uhl,* 6 Neb. 145. Hence, ordinarily, the dismissal will be allowed as of course. *Beals, Torrey & Co. v. Western Union Telegraph Co.,* 53 Neb. 601. But we know of no case appealing to a court more strongly for application of its discretionary power than one in which money or property has been taken under an unwarranted and improvident judgment, which has been reversed, and the adverse party is entitled to restitution. It would require convincing argument and strong weight of authority to persuade us that a dismissal could be had as a matter of right in such case, before mandate filed and without reasonable opportunity to direct the court's attention to the claim for restitution, and the defendant thus deprived of his summary remedy and driven to the difficult and expensive remedy of another action. The discretion of the court in such cases is grounded on the requirements of justice to itself, its officers, and the adverse parties. It depends upon the existence of rights which would be

jeoparded by dismissal, not upon the manner in which the court becomes cognizant of such rights."

Our attention has not been called to any substantial right which has accrued to appellee *by virtue of these proceedings;* neither does it appear that appellant has obtained any advantage thereby which should be surrendered as a condition of dismissal. As stated in the brief of counsel for appellees, the condition may be imposed "for the protection of rights which would be otherwise jeopardized by the dismissal;" and, as already stated, their rights remain the same; they are still entitled to damages to their lands, and may on their own initiative institute proceedings *ad quod damnum* for their assessment, or actions at law for their recovery. In such case there is no basis for the exercise of discretion or imposition of terms beyond the payment of costs.

Appellees cite a number of cases to the general proposition that the court is vested with a discretion to condition a dismissal upon compliance with reasonable terms; but, with one exception, payment of attorney's fees was not required. *In re Waverly Water-Works Co.,* 85 N. Y. 478, makes strongly for appellees. That was a proceeding in eminent domain, and, after damages for taking the lot in question had been assessed, the company moved for leave to discontinue the proceeding, which was granted, "upon condition that the company pay the owner his expenses, charges, and counsel fees." After stating that the proceeding could not be dismissed without leave of court, it is said:

"The court in which an action is pending may impose terms beyond taxable costs as a condition of the discontinuance of the action. It may require the plaintiff to stipulate that he will not sue again for the same cause of action; or that, if he does sue again, the defendant may use the evidence already taken; or that he will not interpose the statute of limitations as a defense to a counterclaim which defendant has set up in case he should

sue the plaintiff thereon, or even that he will pay the counterclaim. The right to impose such conditions grows out of and is included in the right to refuse the discontinuance altogether."

This is a broader statement of the rule than we have met with elsewhere, even in the appellees' brief. The research of the writer has discovered but one other state where the rule as to attorney's fees has been applied as in the case last cited. *St. Louis R. Co. v. Southern R. Co.,* 138 Mo. 591, was an action to recover expense in employing counsel in a condemnation proceeding which had been dismissed. The court announced the general rule that costs (in which counsel fees are not included) are the only damages which the party sustains by the defense of a suit against him, but allowed the recovery as a settled rule in that state, saying, "Were the question of the recovery of such expenses on dismissal of condemnation proceedings a new one in this state, we would hesitate in sustaining this action," which remark probably was occasioned by the insistence in defendant's brief that the former decisions were a species of judicial legislation, and indicated the correctness in principle of a contrary ruling. On the other hand, in *Andrus v. Bay Creek R. Co.,* 60 N. J. Law 10, it was held: "A landowner cannot recover from a railroad company for counsel fees and other expenses incident to condemnation proceedings regularly instituted by the company and afterwards discontinued"—and stating it was not necessary to decide what were proper terms to impose where the question of dismissal was submitted to the discretion of the court. There may be reasons for greater liberality in imposing conditions where real property is proposed to be taken by the proceedings which interfere with its use and sale than where the only question is one of damages, but beyond this we think the rule is more accurately stated in 10 R. C. L. 238, sec. 200, as follows:

"As a general rule, when condemnation proceedings are dismissed or abandoned in good faith and without unreasonable delay, the owner of the land sought to be taken

is not entitled to be made whole for the expenses to which he has been put in preparation for trial or the loss he may have suffered by the removal of tenants or interference with his plans in regard to the use of the property. *Ford v. Board of Park Commissioners,* 148 Ia. 1; *Pittsburgh's Petition,* 243 Pa. St. 392; *McCready v. Rio Grande W. R. Co.,* 30 Utah 1.

"When, however, the proceedings were not instituted in good faith, or were kept alive for an unreasonable length of time, and finally abandoned, the owner is entitled to be compensated for his expenses and loss, either as an incident or condition of the abandonment, or as a separate action sounding in tort. *Mayor v. Musgrave,* 48 Md. 272; *Black v. Mayor,* 50 Md. 235." See, also, 14 Cyc. 406 D.

In *United States v. Dickson,* 127 Fed. 774, it was said: "It is the universally conceded right of every plaintiff to dismiss his suit whenever he sees fit, unless some propounded interests of the defendants should be affected," and a condemnation proceeding was declared to be no exception to the general rule.

In *Matter of Low,* 103 App. Div. (N. Y.) 530, it was held that counsel fees of the landowners were not allowable in eminent domain proceedings, unless by express statute. Landowners are not entitled to costs and expenses of defending proceedings as compensation. *New Milford Water Co. v. Watson,* 75 Conn. 237. Upon dismissal of proceedings to establish a road, costs only are allowed. *Kemper v. Calhoun,* 111 Va. 428.

The injury occasioned by the dismissal must be such as to deprive defendant of some substantial right not available in a second suit, or that may be endangered by the dismissal. *Young v. Georgia Home Ins. Co.,* 131 Ga. 54; *Stevens v. Railroads,* 4 Fed. 97; *Kemper v. Calhoun,* 111 Va. 428. The ordinary inconvenience of double litigation is not a legal prejudice, and can be compensated by costs. *Gilmore v. Bort,* 134 Fed. 658; *Penn Phonograph Co. v. Columbia Phonograph Co.,* 132 Fed. 808; *Southern Cotton*

*Oil Co. v. Shore,* 171 N. Car. 51; *Pullman's Palace Car Co. v. Central Transportation Co.,* 171 U. S. 138.

We have held that under the statute the plaintiff may dismiss his action as a matter of right at any time before final submission of the cause. *Snyder v. Collier,* 85 Neb. 552, and cases therein cited.

We are of the opinion that the only discretion which may be exercised in the matter is the protection of any rights which have accrued to defendant as a result of the bringing of the action, such as the preservation of a counterclaim, the restitution of property of which he has been deprived, the recovery of his costs, and the like; that in the absence of such considerations the right to dismiss is absolute; that the expense of employing attorneys in defending the action, or the liability to further litigation over the same matter, are not subjects calling for the exercise of discretion by the court as constituting legal prejudice to defendant.

The other matters discussed in the briefs need not be considered.

The judgment is reversed and cause remanded to the district court, with instructions to dismiss the proceedings at the cost of Blue River Power Company.

REVERSED AND DISMISSED.