ALICE C. LUCAS, APPELLANT, V. ARTHUR W. LUCAS ET AL.,
APPELLEES.

292 N. W. 729

FILED JUNE 14, 1940. No. 30801.

*Bernard R. Stone* and *Kenneth C. Sutherland,* for appellant.

*Barney W. Gill, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is a suit in equity brought by Alice C. Lucas, an alleged incompetent person, through her next friend, against Arthur W. Lucas and Theresa Lucas, son and daughter-in-law, respectively, of the plaintiff, for an accounting of certain moneys alleged to have been fraudulently obtained from her. At the close of plaintiff's testimony both defendants moved for a dismissal of plaintiff's cause of action. The motions were sustained and plaintiff appeals.

The record discloses that in 1934 plaintiff received the proceeds of two mortgages owned by her in the total amount of $900, which were turned over to the defendant Arthur W. Lucas. In October, 1936, plaintiff received the proceeds of a judgment for personal injuries sustained in an accident in the amount of $4,315, which were also delivered to Arthur W. Lucas. It is established that Arthur W. Lucas, on and after October 16, 1936, was speculating on the stock market, with the result that the moneys in question were lost. The record further shows that, after the moneys were lost, defendants placed the plaintiff in the Douglas County Poor Farm, where she has since been cared for at the expense of the county.

The evidence shows that plaintiff had lived with Arthur W. Lucas for several years and, at the time of the filing of the petition in this case in 1938, she was more than 80 years

of age. It is contended that she was not capable of handling her own business affairs and, as a result thereof, defendants fraudulently procured plaintiff's money and converted it to their own use.

Defendants pleaded in their answer that plaintiff was engaged in speculating in stocks as a partner of Arthur W. Lucas. An instrument designated "joint account" appears in the record, purporting to have been signed by plaintiff and Arthur W. Lucas. It is provided in the "joint account," among other things, that all securities or proceeds in the hands of the brokerage company to whom the instrument was given shall upon the death of one belong to the other in so far as the company was concerned.

Plaintiff testifies that she repeatedly told Arthur W. Lucas she would have nothing to do with the "board of trade" because of the unfortunate experiences of her husband in making similar speculations. She further testifies that she did sign some papers at the request of Arthur W. Lucas and, upon inquiry as to what they were, his answer was: "Never you mind, never you mind." She further testifies to similar answers to inquiries concerning the whereabouts of her money. She also says that she never knew that Arthur W. Lucas was using her funds until Byron Lucas, a grandson, informed her that "Uncle Arthur was dealing on the board of trade with my money."

At the close of plaintiff's testimony, defendants severally moved for a dismissal, and the motions were sustained. An examination of the record discloses that a case was not made against Theresa Lucas, and that the trial court did not err in sustaining the motion as to her. An entirely different question is raised, however, as to the defendant Arthur W. Lucas.

This being an appeal in an equity case, it is to be tried *de novo* on the record made in the district court. *Dappen v. Weber,* 106 Neb. 812, 184 N. W. 952. It is also the rule when defendant moves for a dismissal at the close of plaintiff's evidence, the defendant thereupon admits plaintiff's testimony to be true, together with every conclusion which

fairly and reasonably may be drawn thereupon. *Schroeder v. Bartlett*, 129 Neb. 645, 262 N. W. 447.

We think the evidence is sufficient to sustain a finding for the plaintiff as against Arthur W. Lucas. The evidence shows that defendant Arthur W. Lucas received the moneys in question. Plaintiff says she did not knowingly enter into a partnership to speculate in stocks and that she in fact forbade its being done. She further states that, if she signed the instrument known as a "joint account," she did not know what she signed. Her testimony further shows that the whereabouts of her money was concealed from her during the period it was being invested by Arthur W. Lucas. None of this evidence is disputed. It is true that the evidence of plaintiff was not very satisfactory, due to her forgetfulness and the infirmities of age. But this is a matter which goes to the weight of her evidence, and where it is undisputed it is sufficient to sustain a finding of fraud. We therefore hold that the trial court erred in sustaining the motion of Arthur W. Lucas to dismiss plaintiff's suit at the close of plaintiff's evidence.

Plaintiff urges that a motion to dismiss, made at the close of plaintiff's evidence in an equity suit, is nothing more than an announcement on the part of defendants that they rested their case at the close of plaintiff's testimony, and by so doing lost the only opportunity available to them to prove affirmatively any defense they might have had. Plaintiff cites *Bridges v. Sams*, 202 Ia. 310, 202 N. W. 558, and *Haggin v. Derby*, 209 Ia. 939, 229 N. W. 257, in support of the rule contended for. While it is true that this court hears an equity case *de novo* on appeal on the record made in the district court, we are not willing to go so far as the Iowa court appears to have gone. It seems to us that such a rule would, from a practical viewpoint, require a defendant to produce his evidence and unnecessarily take up the time of the court, even when he was certain that plaintiff had not made a case. We think that a defendant is entitled to test the sufficiency of plaintiff's evidence without the risk of penalizing himself in the event the trial court

improperly sustains his motion. We hold therefore that the case should be remanded for a new trial.

It appears that the defendants each filed a counterclaim. Plaintiff contends for the rule stated in *Miller v. McGannon,* 79 Neb. 609, 113 N. W. 170, wherein this court said: "Defendant pleaded a counterclaim, and upon the conclusion of the plaintiff's evidence moved for and procured an order of the court directing a verdict for defendant upon the plaintiff's cause of action. *Held,* That defendant was not entitled thereafter to introduce evidence to prove his counterclaim, that the order directing the verdict concluded the trial, and that defendant by moving for a directed verdict and obtaining a favorable ruling thereon waived a hearing on his counterclaim." We think this is the correct rule where defendant moves for and obtains a proper dismissal of the suit at the close of plaintiff's evidence. By so doing, he is held to have waived his counterclaim and accepted a judgment of dismissal. But where the trial court erroneously sustains his motion to dismiss, both parties are entitled to be placed in the same position they were in before the error occurred.

We conclude that the trial court properly sustained the motion of Theresa Lucas for a dismissal as to her. The trial court erred, however, in sustaining the motion as to Arthur W. Lucas, and as to him the cause is remanded for a new trial.

AFFIRMED IN PART AND REVERSED IN PART.