FRANCIS C. HARBERT, APPELLANT, V. VICTOR MUELLER, APPELLEE.

58 N. W. 2d 221

Filed April 24, 1953.   No. 33323.

*Kirkpatrick & Dougherty* and *Davis, Healey, Davies & Wilson,* for appellant.

*Chambers, Holland & Groth,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MÉSSMORE, J.

The record shows that Francis C. Harbert as plaintiff filed suit in the district court for Lancaster County on March 15, 1952, to recover damages for personal injuries and damage to his automobile alleged to have been sustained by him, caused by the negligence of Victor Mueller as defendant when the defendant drove his automobile into the rear of the plaintiff's automobile. The defendant Mueller, in answer to the plaintiff Harbert's petition, denied generally the allegations of negligence set forth therein, and alleged that any injuries or property damage alleged to have been sustained by the plaintiff were due to the plaintiff's negligence and not through any negligence on the part of this defendant. In addition, the defendant Mueller alleged in his answer, in substance, the following as constituting res judicata to the instant action: Previous to the filing of the instant case by Harbert, the defendant Mueller filed an action for damages in the district court for Lancaster County charging Harbert with negligence in driving his automobile in such a manner as to cause damage to Mueller. In this previous action Harbert (the plaintiff in the present action) filed an answer and a cross-petition. In his cross-petition he alleged the identical items of negligence with which he charged Mueller (the defendant in the instant case), and the identical cause of action was set forth in his cross-petition as is now set forth in his petition in the instant action. The case was tried on November 29, 1948, in the district court for Lancaster County. At the close of plaintiff Mueller's evidence in the previous case Harbert, the defendant and cross-petitioner in said action, moved for a directed verdict as follows: "* * * that the court dismiss the plaintiff's cause of action for one or more of the following reasons, to-wit: 1. That the evidence is insufficient to sustain a verdict in favor of the plaintiff and against this defendant. 2. For the reason that the evidence discloses as a matter of law that the plaintiff was guilty of

contributory negligence in a degree more than slight. 3. That the evidence discloses that the plaintiff was guilty as a matter of law of contributory negligence, which, in a degree more than slight, proximately contributed to the accident and damage, if any, suffered by him; and 4. That the evidence fails to disclose the defendant to be guilty of negligence proximately causing the accident in question."

Said motion was argued on November 30, 1948. The court announced that he was going to direct a verdict and dismiss both the plaintiff's petition in said action and the cross-petition. Thereupon, after some discussion between the court and counsel, defendant in said action (plaintiff here) made a motion which was identical with the motion heretofore set out with the exception that the following was added: "And said defendant further reserves the right to withdraw the counter-claims and docket and index action therefor in the event that said motion be sustained." Thereupon the court stated: "I am going to dismiss the counter-claim and let you back to your remedies whereever (wherever) they are. I am going to dismiss the cross-petition." The court further said: "I don't think you are entitled to your cross-petition, as far as I am concerned. I am going to wipe the whole thing off." The court further said: "The court having decided to sustain and does sustain the motion of the defendant for a directed verdict so far as it refers to the plaintiff's case; however, the court is not of the opinion that it can recognize any reservation on the cross-petition, so a juror was withdrawn and the court now directs a verdict for the defendant and dismisses plaintiff's cause of action and also dismisses the cross-petition of defendant."

The answer of defendant further alleged that defendant in said action (plaintiff herein) did not file any motion for new trial in said action, and that time for appeal had passed and said judgment and order as above set forth had become final. The defendant prayed that

plaintiff's petition be dismissed, and defendant go hence without day and recover his costs expended.

The reply admitted the foregoing proceedings had by the court with reference to directing a verdict against the plaintiff and dismissing the defendant's cross-petition.

The defendant Victor Mueller filed a motion for judgment on the pleadings. The trial court considered whether or not the defendant was entitled to judgment because of facts alleged by defendant in his answer and admitted in plaintiff's reply. The defendant's motion for judgment on the pleadings was sustained and the court entered judgment dismissing plaintiff's petition. From the judgment of the trial court so rendered, the plaintiff Francis Harbert appealed.

The appellant assigns as error (1) that the district court erred in sustaining defendant Victor Mueller's motion for judgment on the pleadings and in dismissing the plaintiff's petition; and (2) that the trial court erred in holding that dismissal of a defendant's cross-petition at the close of plaintiff's case is a dismissal on the merits.

In determining this appeal, section 25-834, R. R. S. 1943, is pertinent. It provides: "The court, at any time *before the final submission of the cause,* on motion of the defendant, may allow a counterclaim or set-off, set up in the answer, to be withdrawn, and the same may become the subject of another action. On motion of either party, to be made at the time such counterclaim or set-off is withdrawn, an action on the same shall be docketed and proceeded in as in like cases after process served; and the court shall direct the time and manner of pleading therein. If an action be not so docketed, it may afterwards be commenced in the ordinary way." (Emphasis supplied.)

As we analyze section 25-834, R. R. S. 1943, it requires the defendant to make his motion to withdraw the counterclaim before the case is finally submitted. The implication to be drawn from this statute is that

after the case is finally submitted, it is then too late to withdraw the counterclaim.

The question then arises, did Harbert, the plaintiff in the instant case, withdraw his counterclaim when he was the defendant in the previous case before the final submission of the cause as required by section 25-834, R. R. S. 1943? He moved for a directed verdict in the previous case against the then plaintiff Mueller, giving the reasons why he was entitled to prevail. The trial court then announced what his ruling would be, that is, just how he intended to rule, which is previously set out. Thereafter, the motion for a directed verdict was renewed, giving the same reasons, and adding: "And said defendant further reserves the right to withdraw the counter-claims and docket and index action therefor in the event that said motion be sustained." It is apparent by the reservation made to withdraw the counterclaim there was no compliance with section 25-834, R. R. S. 1943. The counterclaim was not withdrawn before the final submission of the cause.

In the case of Miller v. McGannon, 79 Neb. 609, 113 N. W. 170, at the conclusion of plaintiffs' evidence, defendant moved the court to direct a verdict in his favor. Upon this motion being sustained by the court, defendant, without first withdrawing his request for an instructed verdict, called witnesses and asked that they be sworn. The request was denied, and the court thereupon instructed the jury to return a verdict for defendant. Defendant filed a motion objecting to the form thereof, and asked that it be set aside, and for a new trial on his counterclaim. This motion was overruled, and judgment entered that plaintiffs' petition and defendant's counterclaim be dismissed. The pertinent language from this opinion, which has not been departed from, as the same applies in the instant case is as follows: "It is a well-established rule of procedure in this state that, when the plaintiff's evidence is insufficient to entitle him to recover, the court should, on motion of the de-

fendant, direct a verdict for the defendant. * * * It is also the practice that issues presented in an action shall be tried as an entirety, and not as separate suits. * * * If for any reason the defendant does not wish to have his counterclaim tried in the pending action, he should move to withdraw it before the final submission of the cause, when, under the provisions of section 126 of the code, the same may be entered as a separate cause, or an independent action subsequently maintained." The section of the code referred to is similar to section 25-834, R. R. S. 1943. The court further said: "The proceedings requested by the defendant are not authorized by the practice in this state. By moving for an instructed verdict and obtaining a favorable ruling, he waived his counterclaim and terminated the trial. * * * Having procured a ruling, which, under the practice, terminated the trial, defendant cannot complain of the only judgment which could be rendered upon the verdict he requested. Upon granting the defendant's motion for a directed verdict, the only thing remaining to be done was the formal entry of the verdict and judgment. Defendant, being instrumental in bringing this about, cannot predicate error in the proceeding."

The above language indicates that when the defendant in the instant case moved for a directed verdict and the trial court sustained the motion, it was then too late to withdraw the counterclaim, and a hearing thereon was waived.

We make reference to Lucas v. Lucas, 138 Neb. 252, 292 N. W. 729, an equity case. Insofar as applicable here, the following language is noted: "It appears that the defendants each filed a counterclaim. Plaintiff contends for the rule stated in Miller v. McGannon, 79 Neb. 609, 113 N. W. 170, wherein this court said: 'Defendant pleaded a counterclaim, and upon the conclusion of the plaintiff's evidence moved for and procured an order of the court directing a verdict for defendant upon the plaintiff's cause of action. Held, That defendant was not

entitled thereafter to introduce evidence to prove his counterclaim, that the order directing the verdict concluded the trial, and that defendant by moving for a directed verdict and obtaining a favorable ruling thereon waived a hearing on his counterclaim.' We think this is the correct rule where defendant moves for and obtains a proper dismissal of the suit at the close of plaintiff's evidence. By so doing, he is held to have waived his counterclaim and accepted a judgment of dismissal." It becomes apparent that the holding in Miller v. McGannon, *supra,* so far as above indicated, has been adhered to.

Section 25-601, R. R. S. 1943, provides in part: "An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, * * *." While this statute does not deal with the dismissal of a counterclaim before final submission of the cause as does section 25-834, R. R. S. 1943, the language therein contained, as follows, "before the final submission of the case to the jury," and the language of cases wherein said statute was involved bears out what constitutes a final submission of the case, and is applicable in that sense to the instant case.

In Bee Building Co. v. Dalton, 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508, a personal injury case, the plaintiff submitted his evidence and rested his case. The defendant moved for a directed verdict. The motion was sustained, but before the court could give the peremptory instruction to the jury the plaintiff asked that the case be dismissed without prejudice. The request was granted. Section 430 of the Code of Civil Procedure, which is analagous to section 25-601, R. R. S. 1943, as set out above, was under consideration. Plaintiff's contention was that the trial was to the jury, and there could be no submission of the case until the jury had complete authority to deal with it. The court said: "This argument is plausible, but we can not believe

that it is sound. * * * The case was submitted upon an issue of law, and the determination of that issue eliminated the jury and ended the controversy. After it had been adjudged that the plaintiff had no case, and that there was no issue of fact to be decided, the direction, reception and recording of a verdict would have been mere ceremonial acts. These acts would, we know, be in accordance with conventional procedure; they would satisfy the requirements of judicial formalism, but they would be as useless and idle, and almost as absurd as the archaic practice of withdrawing a juror in order to secure a continuance. To direct the jury to return a verdict in favor of the defendant would have been to command the triers of fact to ratify a decision already made by the court upon a question of law. When the legislature, in section 430, spoke of 'the final submission of the case to the jury,' it must have had in mind the submission of an issue of fact—the submission of a disputed question, which might be resolved by the jury in favor of either party. In this case there was no issue of fact—the court so decided; and if a verdict had been rendered in obedience to a peremptory instruction, it would have no legal significance; it would not furnish the basis for a judgment in favor of defendant. In every such case the judgment rests, not on the decision of a question of fact, but wholly and exclusively upon the decision of a question of law. When it was determined that the plaintiff had failed to make a case the court might, without taking from the jury a meaningless verdict, have proceeded at once to render judgment in favor of defendant." See, also, Fronk v. Evans City Steam Laundry Co., 70 Neb. 75, 96 N. W. 1053.

In Spies v. Union P. R. R. Co., 250 F. 434, the court said: "It is too late for a plaintiff to dismiss or to move to dismiss his case without prejudice to a subsequent action for the same cause, after a motion for a directed verdict has been made and submitted, or after such a motion has been made and argued, and the court has

expressed its opinion upon it." Bee Building Co. v. Dalton, *supra,* and Fronk v. Evans City Steam Laundry Co., *supra,* are cited. The section of the statutes discussed in this case provided in substance that an action may be dismissed without prejudice to a future action: First, by the plaintiff, before the final submission of the case to the jury.

In Rhode v. Duff, 208 F. 115, the court held: "Under the Nebraska practice, a motion by plaintiff to dismiss, made after he has rested his case and a motion for a directed verdict has been argued, comes too late." Bee Building Co. v. Dalton, *supra,* is cited.

In the case of Stungis v. Wavecrest Realty Co., 124 Neb. 769, 248 N. W. 78, section 20-601, Comp. St. 1929, now section 25-601, R. R. S. 1943, was under consideration. When the plaintiff rested, the defendant moved that the jury be discharged and cause dismissed, or that the court direct the jury to return a verdict in favor of the defendant. The trial court then indicated what his ruling would be, viz., that he would sustain the defendant's motion and discharge the jury, and that he had sent the bailiff to bring in the jury. The plaintiff insisted that there had been no final submission of the case to the jury as set out in the statute, that he had a right to dismiss his case without prejudice because the court had not definitely and expressly announced his decision, and that the plaintiff made the motion before the jury was so informed. This court said: "This is determined, not alone by the statute, but by the practice. In the case at bar, the court had listened to the arguments upon the defendant's motion to dismiss the jury, and having decided that it was well founded, had stated to counsel that he would sustain the motion. That being the case, the merits of the controversy were not to be submitted to the jury, for, when the court announced the action it would take, the jury were, to all intents, discharged by that statement."

We believe the language used in the above-cited cases

determines what constitutes final submission of a cause as that language is used in section 25-834, R. R. S. 1943, and, in the instant case the counterclaim was not withdrawn before final submission of the cause.

Several cases are cited by the appellant which hold that where a counterclaim is pleaded, and at the end of plaintiff's case a verdict is directed in favor of the defendant on plaintiff's cause of action, defendant is not precluded thereafter from maintaining an action upon the demand that he had interposed as a counterclaim. These cases are from foreign jurisdictions. It would serve no useful purpose to set such cases forth. The law announced therein is contrary to the rule announced in Miller v. McGannon, *supra*.

We conclude, in view of the foregoing authorities and for the reasons given in this opinion, the judgment of the trial court should be, and is, affirmed.

AFFIRMED.

CHAPPELL, J., dissents.