H. R. BEDFORD, DOING BUSINESS AS BEDFORD TRUCK LINES, APPELLANT, V. MABEL C. HERMAN, DOING BUSINESS AS HERMAN OIL TRANSPORT COMPANY, ET AL., APPELLEES.

63 N. W. 2d 772

Filed March 19, 1954. No. 33493.

*Dryden, Jensen & Dier, L. R. Bowker,* and *Lawrence R. Brodkey,* for appellant.

*Gross, Welch, Vinardi & Kauffman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff brought this action against the defendants for damages resulting from a highway accident. The trial court directed a verdict for the defendants and plaintiff appeals.

The plaintiff was the owner of a tractor and refrigerator trailer. The defendant Herman was the owner of

a tractor and tank trailer. On October 9, 1951, plaintiff's tractor and trailer was being driven north on U. S. Highway No. 275 by Pete Klassen, plaintiff's driver. An alternate driver, Norman Raymond, was sleeping at the time of the accident. The Herman tractor and trailer was being driven south on the same highway by Othe Middaugh. For convenience we shall refer to plaintiff's tractor and trailer as the refrigerator transport and that of the defendant Herman as the oil transport.

The collision occurred about 4:30 a. m. The pavement was 18 feet 4 inches wide and free from snow, ice, or moisture. Plaintiff's refrigerator transport was 47 feet 3 inches long. Its tractor had two driving axles with eight wheels on its rear. It appears that in some manner the left driver wheels on the refrigerator transport tractor collided with the rear-wheel-trailer assembly on the oil transport. It was dark at the time of the accident, plaintiff's driver testifying that each was driving with dimmed lights.

The accident happened 9 miles south of Council Bluffs, Iowa. Plaintiff's refrigerator transport came down a long hill at the foot of which the road curves to the right and straightens out on a comparatively level terrain. The driver said he saw the oil transport approaching about 200 feet away as he came around the curve. He saw nothing unusual as they approached each other. The front ends of the transports met and passed without mishap. There is no evidence by plaintiff's driver that defendant's transport crossed the center of the road. There is no evidence by the drivers that either violated any rule of the road. The damage to the two transports shows, however, that the driver wheels of plaintiff's tractor collided with the tandem wheels on the rear of defendant's trailer.

Plaintiff produced evidence of the location of the transports after the accident and the location of various tire marks at the time of and immediately following the

collision. In construing the evidence most favorable to the plaintiff, the tire marks indicate that the refrigerator transport did not approach closer than 9 to 12 inches of the center line of the highway. Plaintiff's evidence also indicates by the tire marks on the pavement that the oil transport did not cross the center line. It did parallel it as close as 4 inches on its own side of the road for some distance at and following the point of impact. There is no evidence that the transport was wider than its wheels to the extent that it played any part in the accident.

The evidence in the record can be summed up as follows: No eye witness testified that either vehicle crossed over the center line of the highway immediately before or at the time of the accident. The physical facts, consisting of marks on the pavement, are not such that a reasonable inference could be drawn therefrom that either vehicle crossed to the left of the center line of the highway. Such evidence will not sustain a finding of negligence on the part of either driver.

Negligence is never presumed and it cannot be inferred from the mere fact that an accident occurred. Laurinat v. Giery, 157 Neb. 681, 61 N. W. 2d 251; Westman v. Bingham, 230 Iowa 1298, 300 N. W. 525.

In order for circumstantial evidence to be sufficient to require the submission of an issue of negligence to a jury it must be such that a reasonable inference of negligence arises from the circumstances established. If such evidence is susceptible to any other reasonable inference, inconsistent with the inference of negligence on the part of the party charged, it is insufficient to carry the case to the jury. Ulrich v. Batchelder, 143 Neb. 697, 10 N. W. 2d 637; Gilliland v. Wood, *ante* p. 286, 63 N. W. 2d 147. See, also, Cable v. Fullerton Lumber Co., 242 Iowa 1076, 49 N. W. 2d 530; Potter v. Robinson, 233 Iowa 479, 9 N. W. 2d 457.

The appellant complains of the action of the trial court in refusing to admit photographs into evidence

taken at the scene of the accident. The rule is that if it be shown that a photograph is a true and correct representation of the place or subject it purports to represent at a time pertinent to the inquiry, it is properly admissible as evidence. We think the trial court should have admitted the photographs offered in the present case. We fail to see, however, that the plaintiff was prejudiced by the court's action. Witnesses had already testified to all the facts represented by the photographs. A directed verdict would have been required even if they had been admitted into evidence. They tend only to explain and make clear the evidence of witnesses which was already before the court. Thomas v. Estate of Thomas, 64 Neb. 581, 90 N. W. 630; Weitz v. United States Trust Co., 143 Neb. 703, 10 N. W. 2d 623.

The trial court directed a verdict against both parties on the theory that both were guilty of such negligence as to bar a recovery. The result was correct but the reason given was not. A verdict was properly directed against the plaintiff for the reason that he failed to prove any negligence on the part of the driver of the truck belonging to the defendant Herman. The counterclaim of the defendant Herman was properly dismissed for the reason that she waived it when she moved for and procured a dismissal of plaintiff's cause of action without first moving to withdraw the counterclaim. Harbert v. Mueller, 156 Neb. 838, 58 N. W. 2d 221; Lucas v. Lucas, 138 Neb. 252, 292 N. W. 729; Miller v. McGannon, 79 Neb. 609, 113 N. W. 170.

We find no prejudicial error in the record. The judgment is affirmed.

AFFIRMED.