DONALD J. DAWSON AND MINA PFEIFLEY DAWSON, HUSBAND AND WIFE, APPELLEES, V. PAPIO NATURAL RESOURCES DISTRICT, APPELLANT.

313 N.W.2d 242

Filed December 4, 1981. No. 44057.

Paul F. Peters for appellant.

J. Thomas Rowen of Miller & Rowen for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

This is an appeal in an eminent domain proceeding making its second appearance in this court. The condemner, the Papio Natural Resources District, filed in the county court of Sarpy County a petition for appointment of appraisers as provided by statute. The appraisers, after their appointment, made an award of $305,210 to the condemnee Dawsons, and as a consequence the condemner acquired the interest in the property which it sought, namely, fee title to 79.5 acres and various easements on additional tracts totaling 21.9 acres. The condemner was dissatisfied with the award and appealed to the District Court for Sarpy County. The condemnee did not appeal as he might have under the provisions of Neb. Rev. Stat. §§ 76-715 and 76-715.01 (Reissue 1976) within the 30 days after the filing of the award, but later filed a notice of appeal and a petition on cross-appeal. The condemner then filed a motion to quash the cross-appeal. The court took the motion under advisement.

In the trial before a jury the condemnee received a verdict for $450,000, and the court awarded attorney fees and costs totaling $59,336.80. The condemner then appealed to this court from both the verdict and the court order. We reversed and remanded for a new trial because of the erroneous reception of certain valuation evidence and because the evidence on damages was speculative and conjectural. *Dawson v. Papio Nat. Resources Dist.*, 206 Neb. 225, 292 N.W.2d 42 (1980).

Prior to retrial, the condemner renewed his motion to strike the condemnee's pleading relating to the "cross-appeal." The court then ruled that the trial would be only on the condemner's petition.

On the third day of retrial, before the cause was submitted to the jury and after various objections to evidence and motions to strike by the condemner were overruled, the condemner moved to dismiss its appeal, both orally and in writing. The court took these motions under advisement.

The jury returned a verdict of $404,000. From that award and an allowance by the court of attorney fees in the amount of $81,531.07, the condemner again appeals to this court.

It assigns numerous alleged errors by the trial court, including the following: (1) Errors in the admission of evidence and in denying its motions to strike opinion evidence as to the value of the property taken or damaged. These motions related mostly to foundation for opinion testimony and evidence of claimed comparable sales. (2) The refusal of the trial court to permit the condemner to dismiss the action. (3) The refusal of the trial court to stay the proceedings until there was revivor as to the interest of the condemnee Mina Dawson who died during the first trial of the case.

We find the second assignment meritorious and reverse and remand with directions for entry of judgment in accordance with the conditions in this opinion hereinafter set forth.

The condemner urges that under the provisions of Neb. Rev. Stat. § 25-601 (Reissue 1979) and cases decided thereunder, it has an absolute right to dismiss its appeal prior to the submission of the cause to the jury. It cites, in addition to the statute, the following recent opinions of this court: *Gebhart v. Tri-State G. & T. Assn.*, 181 Neb. 457, 149 N.W.2d 41 (1967); *Koll v. Stanton-Pilger Drainage Dist.*, 207 Neb. 425, 299 N.W.2d 435 (1980). The condemnee argues the condemner is not a plaintiff within the provisions of § 25-601, and in any event, permitting the condemner to dismiss its appeal after having received the benefit of a reversal and having put the condemnee to substantial expense would be an injustice.

Section 25-601 provides in part: "An action may be dismissed without prejudice to a future action (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . . . In all other cases on the trial of the action the decision must be upon the merits."

This court has held that the right of a plaintiff to dismiss under the provisions of § 25-601 is not a matter of judicial grace or discretion. *Poppert v. Brotherhood of R. R. Trainmen,* 187 Neb. 297, 189 N.W.2d 469 (1971); *Gebhart v. Tri-State G. & T. Assn., supra; Koll v. Stanton-Pilger Drainage Dist., supra.* The right to dismiss is not an exclusive right of the plaintiff, but also applies to a defendant with reference to his counterclaim. *Feight v. Mathers,* 153 Neb. 839, 46 N.W.2d 492 (1951); *Harbert v. Mueller,* 156 Neb. 838, 58 N.W.2d 221 (1953). There are, however, limitations on the right to dismiss. A party's right to dismiss does not affect the right of the other party to proceed on its petition or counterclaim. *Harbert v. Mueller, supra; Feight v. Mathers, supra.* In some circumstances the court may attach conditions to the dismissal where justice and equitable principles so require. *Feight v. Mathers, supra.*

We now discuss the question of the condemner's status as a party and whether § 25-601 is inapplicable because the condemner is not a plaintiff. An appeal from an award of appraisers in an eminent domain proceeding is sui generis as far as the designations and burden of the parties are concerned, and they do not fit precisely within the literal terms of § 25-601. Either the condemner or the condemnee may appeal from the appraisers' award of damages by filing notice of appeal with the county judge within 30 days of the filing of the award. §§ 76-715, 76-715.01. The case is docketed showing the condemnee as plaintiff and the condemner as defendant regardless of whether the condemnee, condemner, or both parties file the appeal. Neb. Rev. Stat. § 76-717 (Reissue 1976); *Estate of Tetherow v. State,*

193 Neb. 150, 226 N.W.2d 116 (1975). If property valuation is the only issue, the condemnee has the burden of proof. The condemner has the burden of proving mitigation of damages by reason of special benefits, if any are claimed. *State v. Mahloch*, 174 Neb. 190, 116 N.W.2d 305 (1962). The condition precedent to exercise of the right of eminent domain, viz., an attempt to agree with the owner on the amount of damages and the failure to agree, must be alleged and proved by the condemner, and if denied, the burden of proof on this issue is on the condemner. *Higgins v. Loup River Public Power Dist.*, 157 Neb. 652, 61 N.W.2d 213 (1953). The party first appealing has the duty of filing the first pleading. *Estate of Tetherow v. State, supra.* In this case the condemner filed the first pleading, which contained all the necessary jurisdictional allegations. In order to maintain a cross-appeal on the issue of valuation, the party not first appealing must file a notice of appeal within 30 days of the filing of the award. *Gebhart v. Tri-State G. & T. Assn.*, 181 Neb. 457, 149 N.W.2d 41 (1967) (overruled in part — *Neumeyer v. Omaha Public Power Dist.*, 188 Neb. 516, 198 N.W.2d 80 (1972), holding filing of bond not jurisdictional).

As already noted, the record discloses the condemnee did not file a timely notice of appeal. As such, no cross-appeal exists which would affect the condemner's right to dismiss the cause, assuming it did possess such a right. If the condemnee had filed a cross-appeal, the cross-appeal would not have been subject to dismissal and the issue in this case, viz, the amount of damages and the burden of proof, would not have changed.

One other point deserves notice. Section 25-601, by its terms, refers to dismissal without prejudice. This raises another seeming anomaly. Neither a condemner nor a condemnee can, as a practical matter, dismiss without prejudice except in the largely theoretical circumstance where a new notice of appeal could be timely filed. If only one of the two parties has appealed and the appeal is dismissed, the effect is simply to reinstate the

appraiser's award which, if deposited with the county judge within the 60 days provided by statute, has the effect of transferring the title to the property and the condemnee is then accordingly entitled to the proceeds. Neb. Rev. Stat. §§ 76-711, 76-712 (Reissue 1976).

This court in *Gebhart v. Tri-State G. & T. Assn.*, *supra*, recognized that under the provisions of § 25-601 the condemnees, plaintiffs in that case as they filed the first pleading, had a statutory right to dismiss the appeal where the condemner had not maintained a valid cross-appeal when failing to comply with the provisions of Neb. Rev. Stat. § 76-715 (Reissue 1976) by filing its notice of appeal within the 30 days from the filing of the award of the appraisers. It would seem this court has, in *Gebhart v. Tri-State G. & T. Assn.*, *supra*, already decided the issue. In that case this court held the condemnees could dismiss their appeal, and the condemner could not object because it had not perfected a cross-appeal. The right to dismiss under the statute ought not depend upon how the parties are designated for purposes of docketing the case, but, rather, upon which party took the appeal and is therefore the party complaining of the result of the award of the appraisers. Neither is the right affected by the statute's reference to a dismissal without prejudice. At common law, a party ordinarily has a legal right to discontinue or dismiss his suit, or to take a voluntary nonsuit, provided he does it at the proper time and the rights of the defendant are not prejudiced by the dismissal. 27 C.J.S. *Dismissal & Nonsuit* §§ 5, 7 (1959). Section 25-601 is not inconsistent with the common-law right of the defendant to take a dismissal with prejudice.

Nor is the right affected by the fact that it comes after an appeal and a remand. The Supreme Court of California in *Schubert v. Bates*, 30 Cal. 2d 785, 185 P.2d 793 (1947), said that after reversal of a judgment the parties are restored to their original rights, including the right of the plaintiff to dismiss the action if dismissal will not interfere with the defendant's right to

appropriate affirmative relief. Where the motion to dismiss comes after a remand for trial de novo, the right of the party to dismiss remains, except where the remand is for some other purpose, such as the entry of judgment. 5B C.J.S. *Appeal & Error* § 1974 (1958).

As we have noted earlier, the right to dismiss may be made subject to conditions where justice so dictates. *Feight v. Mathers*, 153 Neb. 839, 46 N.W.2d 492 (1951). In *Feight*, after noting that a defendant may dismiss a cross-claim demanding affirmative relief under the same rules and conditions as plaintiff dismisses a complaint and that the right to dismissal is not a matter of judicial grace, we said at 844-45, 46 N.W.2d at 495: "'But the court may, when justice requires it, impose reasonable terms, or refuse dismissal. Horton v. State, 63 Neb. 34.' Blue River Power Co. v. Hronik, 116 Neb. 405, 217 N.W. 604.

"In Horton v. State, 63 Neb. 34, 88 N.W. 146, the court, in seeking to clarify when such refusal might be proper, stated: 'This discretion has been exercised to require payment of costs. Sheedy v. McMurtry, supra; to protect rights of attorneys under agreements as to fees, Bryon v. Durrie, 6 Abb. New Cas. (N.Y.), 135; to protect a defendant in his plea of estoppel from the danger of possible transfer of a lien, Stevens v. Railroads, 4 Fed. Rep., 97; and to enable a defendant to obtain restitution, Lane v. Morton, 81 N.C., 38. Of course, there must be some real and substantial right which has accrued to the adverse party in the very cause sought to be dismissed.'

"The court in Horton v. State, *supra*, then goes on to state: 'Collateral consequences, such as subjection of the defendant to further litigation, or purposes not connected with the action in question, will not be allowed to interfere with the right given to plaintiffs by statute. Banks v. Uhl, 6 Nebr., 145. Hence, ordinarily, the dismissal will be allowed as of course. Beals v. Western Union Telegraph Co., 53 Nebr., 602 (601).'

"In Blue River Power Co. v. Hronik, *supra*, wherein

these questions are again fully discussed, the court held: 'The injury occasioned by the dismissal must be such as to deprive defendant of some substantial right not available in a second suit, or that may be endangered by the dismissal. Young v. Georgia Home Ins. Co., 131 Ga. 54; Stevens v. Railroads, 4 Fed. 97; Kemper v. Calhoun, 111 Va. 428. The ordinary inconvenience of double litigation is not a legal prejudice, *and can be compensated by costs.* Gilmore v. Bort, 134 Fed. 658; Penn Phonograph Co. v. Columbia Phonograph Co., 132 Fed. 808; Southern Cotton Oil Co. v. Shore, 171 N. Car. 51; Pullman's Palace Car Co. v. Central Transportation Co., 171 U.S. 138. * * * We are of the opinion that the only discretion which may be exercised in the matter is the protection of any rights which have accrued to defendant as a result of the bringing of the action, such as the preservation of a counterclaim, the restitution of property of which he has been deprived, *the recovery of his costs, and the like;* that in the absence of such considerations the right to dismiss is absolute; that the expense of employing attorneys in defending the action, or the liability to further litigation over the same matter, are not subjects calling for the exercise of discretion by the court as constituting legal prejudice to defendant.'" (Emphasis supplied.)

In the case before us, the condemner received the benefit of the remand for a new trial. Had it dismissed at that time before retrial, the effect would have been to simply restore the award of the appraisers. However, it chose to retry, as was its right. Electing that course after trial started put the condemnee to considerable cost which he would not otherwise have had. We believe this is the type of case in which some conditions should be attached to the dismissal. We find that these conditions should be that the condemner pay the costs which were awarded at the first trial, to wit, the sum of $59,336.80 awarded as attorney fees and costs, and the costs of the second trial, including expert witness fees but excepting the award of attorney fees. The cause is

remanded with directions to grant the condemner's motion to dismiss and to enter judgment for attorney fees and costs of the first trial in the amount above stated, and costs in the second trial, including expert witness fees but excepting the attorney fees awarded at the end of the second trial. Each party shall pay its own costs on this appeal.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., concurring in part, and in part dissenting.

I concur in that part of the opinion which holds that the condemner had the absolute right of dismissal prior to submission to the jury.

I do not agree that this court may initially fix an attorney fee. That matter should be remanded to the District Court pursuant to Neb. Rev. Stat. § 76-720 (Reissue 1976), which states: ". . . or if appeal is taken by the condemner and the amount of the final judgment is not less than eight-five per cent of the award . . . the court may in its discretion award to the condemnee a reasonable sum for the fees of his attorney and for fees necessarily incurred for not more than two expert witnesses."

The term final judgment refers to the amount finally recovered as damages. *Keller v. State*, 184 Neb. 853, 172 N.W.2d 782 (1969). Here the amount of the final judgment is the award of the appraisers and obviously is not less than 85 percent of the appraisers' award. The statute does not require as a condition the rendition of a verdict, simply that there be a final judgment. The statute requires that the allowances be made initially by the court to which the appraisers' award was appealed, i.e., the District Court.

I would remand to the District Court for determination of the fees and expenses to be allowed.

KRIVOSHA, C.J., joins in this concurrence and dissent.